**39**

Ellen **LUNSFORD et al., Appellants,**

v.

**Henry WARD, Commissioner, Department of Highways, Commonwealth of Kentucky, Appellee.**

**Hiram HOGG et al., Appellants,**

v.

**Henry WARD, Commissioner, Department of Highways, Commonwealth of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

Arthur L. Brooks, Jr., R. J. Turley, Lexington, for appellants.

H. C. Smith, Dept. of Highways, Frankfort, W. O. Gilbreath, Lexington, Robert Matthews, Atty. Gen., Frankfort, for appellee.

PLEAS JONES, Special Commissioner.

These consolidated actions were instituted by the appellants in the Woodford Circuit Court to enjoin the appellee, Commissioner, Department of Highways, Commonwealth of Kentucky, from removing certain advertising signs erected and maintained by the appellant, Sherrod Sign Company, adjacent to U. S. Highway 60 By-Pass, near Versailles, Kentucky. Sherrod Sign Company was maintaining these signs, or billboards, under leases obtained from the appellants, Lunsford and Hogg, owners of the property upon which the signs were located.

From an adverse judgment in the circuit court dissolving temporary injunctions and directing the signs to be removed at the cost of the appellants, they have appealed.

The only question to be determined on this appeal is: Whether U. S. Highway 60 By-Pass is a "limited access" highway within the statutory definition set out in KRS 177.220?

For a proper determination of this question, it is necessary to review briefly the facts.

On June 26, 1958, the Department of Highways, by official order, declared the Versailles By-Pass to be a "limited access" facility. This by-pass begins approximately two thousand feet east of the junction of U. S. 60 and U. S. 62 and extends around the northeast side of Versailles, joining that portion of U. S. 60 connecting Frankfort and Versailles to that portion of U. S. 60 connecting Versailles and Lexington. The total length of the by-pass is approximately one and one-half miles.

Sherrod Sign Company has erected and maintains seven billboards on the properties of Ellen Lunsford and Hiram Hogg adjacent to U. S. 60 By-Pass and within 660

feet of the right of way. These signs, or billboards, advertise various motels and restaurants.

At the present time, the by-pass is intersected at grade level by Douglas Avenue and, in addition, the Department of Highways has planned and built into the by-pass several other points of direct access at grade level from adjoining private property.

There are no overpasses, underpasses, service roads, entrance ramps or exit ramps constructed in conjunction with U. S. 60 By-Pass.

Appellants contend that since there has been no appreciable limitation of access to vehicular traffic to the by-pass, the designation by the Department of Highways of the by-pass as a "limited access" highway does not make it so. They do not dispute the authority of the Department of Highways to decide where and when to build such facility, but they insist that if By-Pass 60 does not conform to the character of a "limited access" highway, as contemplated and designed by the Legislature, then simply naming it "limited access" does not make it so.

The appellee admits that when the by-pass was constructed, nine abutting property owners were allowed access to it. However it is insisted that since completion of the construction, one of these has been eliminated and that after construction, and up to the present date, seven owners of property adjacent to the by-pass have been denied access and that certain interchanges have been eliminated. It contends that by the construction of the by-pass, through traffic is allowed to circumvent the City of Versailles at a high rate of speed and connect with high-speed highways on the two sides of the city. It is the contention of appellee that U. S. 60 By-Pass is a "limited access" highway as defined by the provisions of KRS 177.220.

KRS 177.220 defines "limited access facility" as follows:

"For the purpose of KRS 177.220 to 177.310, a limited access facility is defined as a highway or street especially designed for through traffic, and over, from, or to which owners or occupants of abutting land or other persons have no right or easement or only a limited right or easement of access, light, air, or view by reason of the fact that their property abuts upon such limited access facility or for any other reason. Such highways or streets may be parkways, from which trucks, buses and other commercial vehicles shall be excluded; or they may be freeways open to use by all customary forms of street and highway traffic."

KRS 177.250 gives the Department of Highways discretion to purchase property and property rights for limited access facilities in the same manner as is provided a regular road, turnpike or interstate condemnation.

The Department of Highways has wide discretion in planning and designating highways. It may establish, regulate, vacate, alter, improve and maintain limited access facilities for public use when it deems that traffic conditions, present or future, will justify such special facilities. KRS 177.-230.

It may acquire private or public property and property rights for limited access facilities in the same manner as it acquires such property or property rights in connection with highways and streets within its respective jurisdiction. KRS 177.250.

It also is authorized to prohibit billboard advertising upon or within 660 feet of the right of way of any limited access highway. KRS 177.840–KRS 177.850.

There is a public interest in the construction and maintenance of public highways. The Department of Highways is authorized by the Legislature to take such steps as are necessary in the construction of highways so as to facilitate the movement of traffic, improve the efficiency of highway operations, and to increase the enjoyment of pub-

lic travel and preserve the system's value as a public asset.  Moore v. Ward, Ky., 377 S.W.2d 881.

U. S. 60 By-Pass was designated a "limited access" facility before it was built. The Department of Highways considered the best route for a by-pass, considering the growth of Versailles, the amount, nature and concentration of traffic.  This it had the authority to do pursuant to the definition rendered by the Legislature.

In light of the foregoing, it is our conclusion that U. S. 60 By-Pass is a "limited access" facility as set out and defined in KRS 177.220 and the judgment of the Chancellor is correct.  The question of sovereign immunity not having been raised in this case, we express no opinion as to its applicability.  The judgment is affirmed.